## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FRANCISCO LEBRON-VAZQUEZ**,
     Plaintiff,

     v.

**COMMISSIONER OF SOCIAL
SECURITY**,
     Defendant.

Civil No. 18-1281 (BJM)

### OPINION & ORDER

Plaintiff Francisco Lebron-Vazquez ("Lebron") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 3. In due course, the Commissioner filed a consent motion to remand pursuant to sentence four of 42 U.S.C. § 405(g), requesting that the court reverse and vacate the agency's termination of benefits in accord with 42 U.S.C. § 405(u) and that Lebron's benefits be reinstated retroactive to the date of termination. Dkt. 15. The parties having consented to proceed before me, Dkts. 4, 6, 7, I granted the motion and reinstated Lebron's benefits retroactive to the date of termination. Dkt. 16. Judgment in the case was entered on January 16, 2019. Dkt. 17.

On March 28, 2019, Lebron's counsel, Pedro G. Cruz Sanchez ("Cruz"), filed a motion for attorney fees in the amount of $7,192.23 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 18. I granted the motion for attorney fees accordingly. Dkt. 19.

Over a year and a half later, on November 20, 2020, Cruz filed a motion to extend the deadline to file a motion for attorney fees pursuant to § 406(b) of the Social Security Act ("406(b)"). Dkt. 20. Cruz then filed a motion for attorney fees on June 17, 2021 in the amount of $27,107.50 pursuant to 406(b). Dkt. 21 at 1. The Commissioner filed an informative motion in

response, though the Commissioner does not formally oppose Cruz's motion. Dkt. 23. Cruz then filed a reply to the informative motion. Dkt. 27. For the reasons explained below, Cruz's motion for attorney fees pursuant to 406(b) is **DENIED**.

## APPLICABLE LEGAL STANDARDS

In Social Security cases, attorney fees can be obtained pursuant to the EAJA or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and 406(b), but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R., May 25, 2021).

However, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, however, 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

The Commissioner has interpreted 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006). However, 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25% of the past-due benefits, as there is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

The statute does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "An application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal."[1] *See also In Re: Adoption of Local Rules*, 03-MC-115, Dkt. 63-1 (proposed District of Puerto Rico Local Civil Rule 9, which states at (d)(2) that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have fourteen (14) days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees"); *id*. at Dkt. 70 (the Social Security Administration recommending in light of public comments that the deadline in (d)(2) be changed to 30 days). However, Local Rule 1(a) provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires."

## DISCUSSION

The fee agreement between Lebron and Cruz provides for Cruz to receive up to 25 percent of Lebron's past-due benefits. Dkt. 21-1.

The award notice (termed the Notice of Award, or "NOA") sent by the agency that advised Lebron of his past-due benefits and the amount withheld to pay attorney fees was dated August 27, 2020. Dkt. 21-2. The NOA was sent to Lebron and was apparently sent to Cruz as well. Dkt. 21 at 2. I recently ruled in a separate case that although Cruz had run afoul of Local Rule 54(b) by failing to file his 406(b) motion in timely fashion, justice required me to recognize in accordance with Local Rule 1(a) that there was good justification for the delay because Cruz had never been provided with the NOA. *Roldan-Urbina v. Comm'r of Soc. Sec.*, 18-CV-1544 (BJM), 2022 WL

---

[1] *But see, e.g.*, *Rodríguez v. Comm'r of Soc. Sec.*, 18-CV-1618 (CVR) (D.P.R. June 1, 2021) ("No . . . Local Rule directly addressing fees in Social Security cases exists in [the District of Puerto Rico]"). While it is true that no local rule *directly* mentions Social Security attorney fees, it is not immediately obvious why 54(b) would not apply. As explained below, however, Cruz argues that it does not.

34663, (D.P.R. Jan. 4, 2022). Circumstances are different here, as Cruz has acknowledged that he has received the NOA.

Despite having already received the NOA, Cruz argues that he has filed his 406(b) motion for attorney fees in timely fashion on several grounds. First, Cruz notes that on November 20, 2020, he filed a Motion for Extension of Time to file a petition for attorney fees; he further notes that the motion was never opposed. Dkt. 20; Dkt. 21 at 2. Second, Cruz implies that since he never received a "close-out letter" or document indicating the calculation of past-due benefits, he has not yet been time-barred from obtaining 406(b) fees. Dkt. 21 at 2-3. Third, and relatedly, Cruz argues that Local Rule 54(b) does not apply to 406(b) motions, as 54(b) references "the expiration of time for filing a timely appeal" but (according to Cruz) 406(b) fees typically cannot be determined until well after this deadline has passed, *Id*. at 3; Cruz further claims that even though 54(b) states that "application[s] for fees in all other cases shall be filed within fourteen (14) days of the mandate," this language would not time-bar him under the circumstances because the close-out letter (and not the NOA) is equivalent to the "mandate" for purposes of a 406(b) motion. *Id*. Fourth and finally, Cruz implicitly argues that new information received by Lebron regarding fees for work performed on Lebron's behalf at the administrative level and dated June 27, 2021 constitutes a new NOA and that the deadline for filing for 406(b) fees should therefore be calculated from that date on. Dkt. 27 at 2. Cruz thus claims that his motion for 406(b) fees is timely.

This case was decided on January 16, 2019, and Cruz did not make any motions related to his 406(b) claim until November 20, 2020, close to two years later. This appears to run afoul of Local Rule 54(b). Even assuming that Cruz is correct that 406(b) fees often cannot be determined until well after the deadline for filing a timely appeal has passed, this point would not undermine the express language of 54(b), which states clearly that "[a]n application for attorneys' fees in those

cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal." Despite his claims, Cruz does not explain why this language would not apply in his case. However, although I disagree with Cruz that Local Rule 54(b) does not facially apply to 406(b) motions, I note as I did in the previous case involving Cruz that I may modify local rules like 54(b) in "exceptional circumstances or when justice so requires" under Local Rule 1(a). *See Roldan-Urbina*, 2022 WL 34663 at *3. Though Cruz did eventually receive the NOA, the NOA was dated August 27, 2020, over a year and a half after judgment in the case was entered on January 16, 2019. This is far outside of the fourteen days subsequent to expiration of the time for filing a timely appeal permitted by 54(b). Since an NOA constitutes an indispensable resource to an attorney when making a 406(b) motion for fees, as an attorney could not calculate the potential fees due to him without one, justice requires me to decline to strictly apply the fourteen-day deadline from 54(b) in the present matter in accordance with Local Rule 1(a). Unlike in the previous case involving Cruz, however, I also decline to find that the 406(b) motion was timely filed without further analysis, as Cruz did eventually receive the NOA and as a result a deadline may still apply, including perhaps a modified version of the deadline in 54(b).

I disagree with Cruz's argument that delivery to counsel of the close-out letter rather than the NOA triggers the countdown to the deadline to file a 406(b) motion for fees. Other judges in this district have held that "the Notice of Award is the triggering event for the filing of a fee petition under § 406(b)." *E.g., Nunez-Ramos v. Saul*, 18-CV-1243 (CVR), 2021 WL 2144218, at *2 (D.P.R. May 25, 2021). *See also, e.g.*, *Ruben Falcon v. Comm'r of Soc. Sec.*, 19-CV-1914 (MDM), at 6 (D.P.R. Oct. 6, 2021) (finding that a 406(b) motion was timely filed because it was filed within several days of receipt of the NOA); *Colon-Colon v. Saul*, 19-CV-1170 (CVR), 2021 WL 2232099, at *2 (D.P.R. June 1, 2021) (specifically noting that delivery of the close-out letter is not the

triggering event). Cruz fails to form a compelling argument for why delivery of the close-out letter should constitute the "triggering event" instead, and he appears to abandon any argument on this point in his reply to the Commissioner's informative motion. *See* Dkt. 27 at 2. Furthermore, the Commissioner notes that close-out letters are not always mailed, but rather "only if an attorney has not filed a petition with the court within 120 days and the agency is planning on returning to the claimant the funds they had previously withheld to pay an attorney fee." Dkt. 23 at 3. As a result, I find that the close-out letter is irrelevant for purposes of a 406(b) motion and that delivery of the NOA starts the countdown to the deadline to file such a motion.

I also disagree with the implication that because Cruz filed an unopposed motion for extension of time, his 406(b) motion was somehow timely by default. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). If the window of time between the NOA date and the date Cruz made the motion for extension of time is outside of the applicable deadline, then the motion for extension of time would itself be untimely, and there is no suggestion that there would be any excusable reason for it being so. Additionally, Cruz's motion for extension of time was never granted, Cruz failed to act in accordance with Local Rule 6 and state the expiration date of the period he sought to extend, and Cruz's expiration date for the proposed extension was thirty days after receipt of the close-out letter, which as discussed above is not relevant to a 406(b) motion. Therefore, Cruz's reliance on this motion is unavailing.

Cruz ultimately failed to file his 406(b) motion within a permissible timeframe. Cruz claims that a "reasonable time" standard applies to filing the motion and notes that anywhere from seven months to two years after issuance of the NOA may be deemed "reasonable" in other

circuits, Dkt. 21 at 2; however, he also notes that some courts within the First Circuit have found that the deadline for a 406(b) motion is within thirty days of issuance of the notice of award. Dkt. 27 at 2.

With two recent exceptions, the District of Puerto Rico has never explicitly determined a 406(b) deadline or standard other than the deadline in Local Rule 54(b). *See, e.g.*, *Colon-Colon*, 2021 WL 2232099 at *3. The two exceptions apply a fourteen-day standard subsequent to delivery of the NOA in accordance with other circuits' interpretations of Fed. R. Civ. P. 54(d)(2)(B). *See Melendez v. Comm'r of Soc. Sec.*, 18-CV-1965 (MEL), 2021 WL 4485393, at *2-3 (D.P.R. Sept. 29, 2021); *Sierra-Rossy v. Comm'r of Soc. Sec.*, 18-CV-1295 (MEL), 2021 WL 4483479, at *2-3 (D.P.R. Sept. 30, 2021) ("[t]his motion for attorney's fees has been filed more than a month after the notice of award was notified to counsel. Therefore, the motion for attorney's fees pursuant to . . . 406(b) is DENIED on untimeliness grounds"). Cruz has clearly run afoul of the deadline established in these two exceptions. However, Local Rule 54(b) has superseded Fed. R. Civ. P. 54(d)(2)(B) in this district; Fed. R. Civ. P. 54(d)(2)(B) allows statutes and court orders to set out superseding rules regarding attorney fees, Local Rule 54(b) governs claims for attorney fees, and the local rules are established by court order.

Nonetheless, the logic underlying the decisions in *Melendez* and *Sierra-Rossy* is otherwise compelling and applies analogously to Local Rule 54(b). As those cases note, the Second Circuit held in *Sinkler v. Berryhill* that the fourteen-day deadline from Fed. R. Civ. P. 54(d)(2)(B) applied to counsel filing a 406(b) motion but that the deadline should be tolled until receipt of the NOA, at which point the fourteen-day countdown to the deadline would begin. 932 F.3d 83, 86-88 (2d Cir. 2019). The Third Circuit employs an essentially identical device.[2] *See Walker v. Astrue*, 593

---

[2] However, although *Melendez* and *Sierra-Rossy* state that the Fifth and Eleventh Circuits also employ this device, those circuits do not necessarily toll the filing deadline until receipt of the NOA. *See, e.g.*, *Pierce v. Barnhart*, 440

F.3d 274, 280 (3d Cir. 2010). Though I believe that Local Rule 54(b) applies instead of Fed. R. Civ. P. 54(d)(2)(B), I agree with the underlying idea in *Melendez* and *Sierra-Rossy* that this tolling method permits this court to allow attorneys the opportunity to obtain necessary information from NOAs before filing 406(b) motions while still upholding Local Rule 54(b). Moreover, 54(b) does not differ in any significant respect from Fed. R. Civ. P. 54(d)(2)(B) for the purpose of applying this tolling method. Accordingly, I follow *Melendez* and *Sierra-Rossy* in holding that a fourteen-day filing deadline applies to 406(b) motions and that the countdown to this deadline begins upon delivery of the NOA to counsel, but I note that this deadline is found in Local Rule 54(b) rather than in Fed. R. Civ. P. 54(d)(2)(B). Cruz therefore failed to file his 406(b) motion or motion for extension of time before the deadline.

Moreover, I decline to modify this deadline in accordance with Local Rule 1(a), as even under the "reasonable time" standard that Cruz himself cites, his motion was made too late. Cruz filed his motion for extension of time to file his 406(b) motion on November 20, 2020, almost three months after the August 27, 2020 NOA date, and did not file the actual motion until June 17, 2021, over nine months after the NOA date. Cruz states in his motion for extension of time that he never received a close-out letter and that other pending 406(b) motions at the administrative level will determine the 406(b) amount he requests. Yet again, however, Cruz has failed to explain why the close-out letter should affect the deadline for filing a 406(b) motion. He also fails to explain how the pending motions at the administrative level would affect the amount he would request in his motion (and in fact he ultimately filed his 406(b) motion before the motions at the administrative level were resolved). Furthermore, the fact that others already had 406(b) motions

F.3d 657, 665 (5th Cir. 2006) (applying a fourteen-day deadline but making no mention of the NOA tolling the deadline); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (expressly declining to address when the fourteen-day period begins to run).

pending when Cruz filed his motion for extension of time suggests, if anything, that Cruz could have filed his own motion in more timely fashion. Since Cruz has failed to explain why he failed to file a motion for almost three months after receiving the NOA and failed to give any legitimate reasons for requiring an extension of time to file the motion, I decline to apply Local Rule 1(a).

Finally, Cruz has not explained why the new information provided to Lebron by the Commissioner constituted a new NOA, or indeed, how the new information affects Cruz's petition at all. Despite Cruz's characterization of the information as a NOA, the information simply states how much money is officially due to Lebron's representative at the administrative level. Dkts. 27-1; 27-2. This amount is taken out of benefits already withheld from Lebron's award and does not affect the total amount of the award or even the availability of the amount claimed by Cruz, as Cruz himself admits. *See* Dkt. 27 at 2. As a result, Cruz's argument that the information constitutes a new NOA fails, along with his argument that the deadline for filing for 406(b) fees should be calculated from the day the new information was provided.

## CONCLUSION

For the foregoing reasons, Cruz's petition for attorney fees under 406(b) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of January 2022.


S/ *Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge